**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| T.W. and K.W. as Parents and Legal Guardians of JANE DOE, a Minor c/o COOK & LOGOTHETIS, LLC ) ) ) ) | Case No. 1:18-cv-668 ) Judge Timothy S. Black ) |
| Plaintiffs, ) ) | Magistrate Judge Stephanie K. Bowman ) |
| v. ) ) | |
| FINNEYTOWN LOCAL SCHOOL DISTRICT ) ) ) | PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S |
| Defendant. ) ) | PARTIAL MOTION TO DISMISS |

Pursuant to the Court's Order, issued December 10, 2018, Plaintiff submits the following memorandum in opposition to Defendant Finneytown Local School District Board of Education's ("Defendant" or "FLSD") partial motion to dismiss.

## I.     BACKGROUND

Plaintiff Jane Doe is a seventh-grade student at FLSD's secondary campus. The sexual harassment at issue in this case began when Plaintiff was in fifth grade and continued into sixth grade, with male classmates directing at the Plaintiff crass jokes and comments of a sexual nature, lewd gesticulations, grunting, moaning, mock oral sex, and pornographic images and video. *See* Doc. #1, ¶¶ 8-14.

Plaintiff, alone and together with witnesses, reported the harassment to her teachers, counselors, the dean of students, and school resource officer ("SRO"). The Defendant never interviewed any witnesses, nor did the Defendant otherwise investigate Plaintiff's allegations. The harassment became so severe that on December 14, 2017, Plaintiff texted her mother from school

to say she had become physically ill from what the boys were saying and doing. *See* Doc. #1, ¶¶ 11-14.

Repeatedly, Plaintiff's parents reported the escalating harassment to FLSD administrators and warned them the harassment might turn physical. Parents left several messages for the school principal, but never received a return call. *See* Doc. #1, ¶¶ 15-21. On March 7, 2018, one of the boys approached Plaintiff and intentionally rubbed his genitals against the side of her leg and against her rear end. She immediately reported the incident to the SRO, but the SRO did little more than attempt to make excuses for the boy's behavior and treat the incident as something other than a sexual assault. *See* Doc. #1, ¶¶ 22-26.

Instead of investigating the alleged assault, and instead of investigating the alleged misconduct leading up to the assault, on March 9 Defendant's dean of students had both the accuser and the accused sign an order that they were not to have contact with each other. *See* Doc. #1, ¶¶ 27-30. Ignoring the dean's instruction not to disclose the order, the boys told their friends about it, and those friends then began harassing the Plaintiff. *See* Doc. #1, ¶¶ 30-32. That night, Plaintiff suffered her first panic attack, and she has been suffering physically and psychologically ever since.

On September 21, 2018, Plaintiff filed a Complaint in this Court alleging that Defendants acts and omissions failed to comply with Title IX and caused Plaintiff to forego classroom instruction in violation of Title IX; that Defendants acts and omissions violated her right to due process and equal protection; that Defendant was negligent in failing to comply with Ohio Revised Code § 3313.666; that Defendant's handling of Plaintiff's allegations was grossly negligent; and that Defendant's handling of Plaintiff's allegations was so outrageous as to constitute an intentional infliction of emotional distress ("IIED"). Based on those allegations, Plaintiffs seek

judgment against the Defendant for injunctive relief, compensatory damages, punitive damages, reasonable attorney's fees, costs, and all other relief to which they may be entitled. *See* Doc. #1, p.22.

On November 20, 2018, Defendant moved the Court to dismiss Plaintiffs' claim for punitive damages, negligence, gross negligence and IIED arguing that punitive damages are not available, and that Defendant is a political subdivision immune from negligence claims and intentional tort claims. Defendant's motion should be denied because punitive damages are available pursuant to Plaintiffs' constitutional claims, and because political subdivisions are not immune from liability for grossly negligent conduct so extreme and outrageous as to exceed the bounds of decency.

## II. LAW AND ARGUMENT

Defendant's motion to dismiss Plaintiffs' punitive damages claim should be denied because punitive damages are available pursuant to 42 U.S.C. § 1983. Defendant's motion to dismiss Plaintiffs' gross negligence claims should be denied because the three-tiered analysis offered to defeat those claims does not apply where Plaintiff alleges Defendant acted with malicious purpose, in bad faith, or in a wanton or reckless manner. Finally, Defendant's motion to dismiss Plaintiffs' IIED claim should be denied because political subdivisions are not immune from liability for conduct so extreme and outrageous as to exceed the bounds of decency.

### A. Standard of Review

A trial court evaluating a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) "must assume all material allegations within the Complaint to be true and examine its contents in a light that is most favorable to the plaintiff." *McBride v. Village of Michiana*, 1994 U.S. App. LEXIS 19679, *7-8 (6th Cir. 1994). "After determining which allegations pertain to

factual elements of a plaintiff's claim, a court is required to evaluate those allegations to determine 'whether they plausibly give rise to an entitlement to relief.'" *Kohus v. Ohio St. Highway Patrol*, 2011 U.S. Dist. LEXIS 32721, *14 (S.D. Ohio, Feb. 15, 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

The Defendant argues Plaintiffs have failed to meet this pleading standard with respect to their claim for punitive damages, negligence, and intentional infliction of emotional distress ("IIED"), and Defendant moved the Court to dismiss those claims. Specifically, Defendant argues Plaintiffs are not entitled to punitive damages, and that as a political subdivision Defendant is immune from liability for negligence claims and intentional tort claims.

However, Plaintiffs can recover punitive damages for the constitutional violations alleged, and the Defendant is not immune from liability for gross negligence or for IIED. Plaintiffs have pled facts that, if taken as true and considered in a light most favorable to Plaintiffs, give rise to a right to relief that is plausible on its face.

### B. Plaintiffs' Prayer for Punitive Damages Should Not Be Dismissed Because Punitive Damages are Available for Constitutional Violations.

Defendant argues "that a plaintiff cannot recover punitive damages from a political subdivision." *See* Doc. #5, p. 3. The cases Defendant cites do not support such a sweeping proposition, but instead speak only to the availability of punitive damages under specific constitutional and statutory frameworks. *See Hunter v. Lockland City Sch.*, 2016 U.S. Dist. LEXIS 112997, *3 (S.D. Ohio 2016) (dismissed with no discussion); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (addressing availability of punitive damages under 42 U.S.C. § 1983); *Smith v. Grady*, 960 F. Supp.2d 735 (S.D. Ohio 2013) (addressing availability of punitive damages under the Eleventh Amendment, Family and Medical Leave Act, and 42 U.S.C. § 1981); *Hodah-Drummond v. Summit County*, 84 F.Supp.2d 874, 885 (N.D. Ohio 2000) (addressing

availability of punitive damages under Title VII); *and Robinson v. Runyon*, 149 F.3d 507, 516-517 (6th Cir. 1998) (addressing availability of punitive damages under Title VII).

Punitive damages might be barred under Ohio Revised Code § 2744.05(A) and under Title IX (20 U.S.C. § 1681 *et seq.*). However, punitive damages are available under 42 U.S.C. § 1983 against responsible government officials sued in their individual capacity. *Newport v. Fact Concerts*, 453 U.S. 247, 269-70 (1981); *see also Kolstad v. American Dental Association*, 527 U.S. 526, 535-36 (1999).

Here, Plaintiffs' prayer for punitive damages should not be dismissed because, pursuant to Federal Rules of Civil Procedure 15(a), Plaintiffs may yet move the Court for leave to amend their Complaint to sue in their individual capacity the officials responsible for the constitutional violations alleged therein. *See* Doc. #1, ¶¶ 80-96.

### C. Political Subdivisions Are Not Immune from Liability for Intentional Torts Where the Plaintiff Alleges More than Mere Negligence.

Defendant argues Plaintiffs' IIED claim should be dismissed because "[b]oards of education are immune from intentional torts," and because "there are no exceptions to immunity for the tort of intentional infliction of emotional distress." *See* Doc. #5, p. 4. However, Defendant offers no authority to support its argument that boards are immune from intentional torts. And *Hubbard*,[1] offered in support of the argument that there are no exceptions to immunity for IIED, is distinguishable in that the case dealt exclusively with mere negligence claims brought pursuant to R.C. § 2744.02(B). Furthermore, the *Hubbard* court was referring exclusively to the exceptions listed under § 2744.02(B)(1)-(5) in concluding that "'there are no exceptions to immunity for the intentional torts of fraud and intentional infliction of emotional distress.'" *Hubbard v. Canton City*

---

[1] 97 Ohio St. 3d 451, 780 N.E.2d 543, 546 (Ohio 2002).

*Bd of Edn.*, 97 Ohio St. 3d 451, 780 N.E.2d 543, 546 (Ohio 2002) (quoting *Wilson v. Stark Cty. Dept. of Human Serv*., 70 Ohio St.3d 450, 639 N.E.2d 105 (Ohio 1994).

Here, Plaintiffs bring a gross negligence and intentional tort claim pursuant to R.C. § 2744.03(A)(5). As discussed in section "D" below, R.C. § 2744.02(B) speaks only to negligent conduct, and does not speak to liability for grossly negligent conduct: negligent operation of a motor vehicle (R.C. § 2744.02(B)(1)); negligent performance of proprietary functions (R.C. § 2744.02(B)(2)); negligent failure to maintain roads (R.C. § 2744.02(B)(3)); and negligent failure to remedy physical defects (R.C. § 2744.02(B)(4)). Section 2744.02(B) does not provide immunity for gross negligence, nor does it provide immunity for intentional torts.

Ohio Revised Code § 2744.02(B), and the five immunity exceptions listed therein, is of no consequence where Plaintiffs bring their IIED claim under R.C. § 2744.03(A)(5) against the Defendant as a political subdivision whose agents' and employees' acts and omissions were so extreme and outrageous as to exceed the bounds of decency. *See* Doc. #1, ¶¶ 109-11.

**D. The Defendant is not Immune from Plaintiffs' Gross Negligence Claim.**

In support of its argument that Plaintiffs' negligence claims should be dismissed, Defendant offers the three-tiered analysis applied in *Elston v. Howland Local Schs.*, 113 Ohio St.3d 314 (2007). *See* Doc. #5, p. 4. However, the three-tiered analysis in *Elston* applies only to negligence claims brought under R.C. § 2744.02. The three-tiered analysis does not apply to conduct engaged with malicious purpose, in bad faith, or in a wanton or reckless manner.

The plaintiff in *Elston* did not allege malice, bad faith, or wanton or reckless conduct. *Elston*, 113 Ohio St.3d at 321-22. Furthermore, the *Elston* court, without considering whether the five exceptions listed under § 2744.02(B) were implicated, "conclude[d] that pursuant to R.C. 2744.03(A)(5), a political subdivision is immune from liability if the injury complained of resulted

6

from an individual employee's exercise of judgment or discretion. . . unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner." *Id*., at 322. Here, Plaintiffs allege Defendant exercised its discretion and judgement in bad faith so as to avoid the duty to report Title IX violations. *See* Doc. #1, ¶ 106.

Under R.C. § 2744.03(A)(5), a political subdivision can be liable for gross negligence notwithstanding R.C. § 2744.02(B) and the five immunity exceptions listed therein. Therefore, Defendant's motion to dismiss Plaintiff's gross negligence claim, because "Plaintiffs have not alleged injuries which satisfy any of the five statutory exceptions to immunity," *See* Doc. #5, p.6, should be denied.

### III. CONCLUSION

Defendant's motion to dismiss should be denied because punitive damages are available pursuant to Plaintiffs' constitutional claims, and because political subdivisions are not immune from liability for grossly negligent conduct so extreme and outrageous as to exceed the bounds of decency.

    Respectfully Submitted,

    s/ Bennett P. Allen
    Bennett P. Allen (96031)
    COOK & LOGOTHETIS, LLC
    30 Garfield Place, Suite 540
    Cincinnati, OH 45202
    P: (513) 287-6992
    F: (513) 721-1178
    ballen@econjustice.com

    *Trial Attorney for Plaintiff*