# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **T.W. and K.W. as Parents and Legal Guardians of JANE DOE, a Minor c/o COOK & LOGOTHETIS, LLC** | : : : : | CASE NO. 1:18-cv-668 |
| | | Judge Timothy S. Black |
| Plaintiffs, | : : | Magistrate Judge Stephanie K. Bowman |
| vs. | : : : : | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |
| **FINNEYTOWN LOCAL SCHOOL DISTRICT** | : : | |
| Defendant. | : | |

Defendant Finneytown Local School District Board of Education ("Finneytown" or "Board") submits its Reply Memorandum in support of its Partial Motion to Dismiss Plaintiffs' claim for punitive damages, and Counts VI, VII and VIII of Plaintiffs' Complaint.

                                         Respectfully submitted,

                                         /s/ Ian R. Smith
                                         Ian R. Smith 0068195
                                         R. Gary Winters 18680
                                         McCASLIN IMBUS & McCASLIN
                                         600 Vine Street, Suite 800
                                         Cincinnati, OH 45202
                                         (513) 421-4646 phone
                                         (513) 421-7929 fax
                                         irsmith@mimlaw.com
                                         rgwinters@mimlaw.com

                                         *Attorneys for Defendant Finneytown*
                                         *Local School District Board of Education*

**MEMORANDUM**

### I. Punitive Damages Are Not Recoverable Against A Political Subdivision

Plaintiffs produce no authority to support the proposition that political subdivisions are liable for punitive damages under 42 U.S.C. §1983. (Doc # 7, PAGEID # 77-78). Plaintiffs do not deny that the Board is a political subdivision. Plaintiffs argue that their punitive damages claim should not be dismissed because they may decide to amend their Complaint to sue governmental officials in their individual capacity under § 1983. (Doc #7, PAGEID # 78). There are no individual defendants in this action. Plaintiffs have not filed a motion to amend their Complaint to add §1983 claims against governmental officials in their individual capacity. Thus, there exists no legal or procedural basis to deny Defendant's Motion to dismiss the punitive damages claim.

### II. Political Subdivisions Are Immune from Intentional Torts

Plaintiffs first argue that "Defendant offers no authority to support its argument that boards are immune from intentional torts." (Doc # 7, PAGEID # 78). Then, Plaintiffs acknowledge the authority cited by Defendant for that very conclusion – *Hubbard v. Canton City Bd. of Edn.*, 97 Ohio St. 3d 451, 780 N.E.2d 543, 546 (Ohio 2002). Plaintiffs have cited no legal authority which is contrary to *Hubbard*. Rather, Plaintiffs argue that they have brought their gross negligence claim and IIED claim under R.C. §2744.03(A)(5) and therefore the Board is not immune from these claims under R.C. §2744.02(B). This is not the law.

R.C. § 2744.03 is a defense to a claim of liability if and only if a plaintiff can establish an exception to immunity under R.C. § 2744.02. (Doc # 5, PAGEID # 68-69). A plaintiff cannot use R.C. § 2744.03 to overcome the Board's immunity defenses, because "that provision only

provides exceptions to immunity for claims against *employees* of political subdivisions." *Ohio ex rel. Faulkner v. City of Middletown*, No. 1:15-cv-122, *13 (S.D. Ohio, 7/15/2016), *affirmed by Ohio ex rel. Faulkner v. City of Middletown*, 688 Fed. Appx. 377 (6th Cir. 5/8/2017). There are no claims against any Finneytown Board employees.

Plaintiffs have not alleged injuries which satisfy any of the five statutory exceptions to immunity under R.C. § 2744.02(B). Instead, Plaintiffs seek to avoid this statutory requirement. R.C. §2744.02 immunity applies to any claim in which a plaintiff is seeking to impose tort liability upon a political subdivision. *Estate of Olson v. Fairfield City School District Bd. of Educ.*, No. 1:15cv787, *11 (S.D. Ohio, 9/21/2018). R.C. § 2744.02(A)(1) provides that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property alleged caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." This political subdivision immunity is not limited to claims of "simple negligence." *Estate of Olson, supra*. Moreover, R.C. § 2744.02(B) does not include any specific exception for intentional torts. *Ohio ex rel. Faulkner, supra.* Thus, the Board is entitled to immunity from Plaintiffs' intentional tort claim and gross negligence claims because Plaintiffs have not alleged a statutory exception to Board immunity under R.C. §2744.02(B).

### III. The Board is Immune from Plaintiff's Negligence Claims (Counts VI-VII)

Plaintiffs argue that the Board is not immune from their gross negligence claim. (Doc #7, PAGEID # 79). Plaintiffs argue, without supporting authority, that R.C. § 2744.02 does not apply to claims of gross negligence and therefore they do not need to establish an exception to immunity. (*Id*. at 80). As indicated in Section II, *supra*, a political subdivision is immune from

3

gross negligence claims and simple negligence claims unless a plaintiff can establish an exception to immunity under R.C. § 2744.02(B). *See Estate v. Olson, supra* at *11. Plaintiffs' failure to establish an exception requires a finding of immunity for the Board and a dismissal of Counts VI-VII.

**IV.    Conclusion**

Based on the foregoing and for the reasons stated in the Partial Motion to Dismiss, Defendant asks this Court to issue an order dismissing the claim for punitive damages, and Counts VI, VII and VIII of Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

/s/ Ian R. Smith
Ian R. Smith 0068195
R. Gary Winters 18680
McCASLIN IMBUS & McCASLIN
600 Vine Street, Suite 800
Cincinnati, OH 45202
(513) 421-4646 phone
(513) 421-7929 fax
rgwinters@mimlaw.com
irsmith@mimlaw.com

***Trial Attorneys for Defendant Finneytown Local School District Board of Education***

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was filed electronically on **January 24, 2019** using the Court's CM/ECF system, which will serve all parties and counsel of record who have appeared and constitutes service by rule. A copy of this filing was also sent via email to the following:

Bennett P. Allen
ballen@econjustice.com
COOK & LOGOTHETIS, LLC
30 Garfield Place, Suite 540
Cincinnati, OH 45202
*Trial Attorney for Plaintiffs*

                                                /s/ Ian R. Smith

ID:g\Rebecca\Finneytown 18-10-03\Def's Reply Memo.final.finneytown