# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| T.W. and K.W. as Parents and Legal Guardians of JANE DOE, a Minor, | Case No. 1:18-cv-668 |
| Plaintiffs, | Judge Timothy S. Black |
| vs. | |
| FINNEYTOWN LOCAL SCHOOL DISTRICT, | |
| Defendant. | |

## ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS

This case is before the Court on Defendant's partial motion to dismiss (Doc. 5) (the "Motion to Dismiss"), as well as the parties' responsive memoranda (Docs. 7–8).

## I. FACTS AS ALLEGED BY PLAINTIFFS[1]

Plaintiff is a seventh-grade student in FLSD.[2] (Doc. 1 at ¶ 8). Defendant is the FLSD Board of Education.[3] (*Id.* at ¶ 2). Over the past two years, Plaintiff has experienced a pattern of sexual harassment, at the hands of her male classmates, such as: sexual comments, lewd gesticulations, and unwanted touching. (*Id.* at ¶¶ 9–15, 22–25).

---

[1] For purposes of the Motion to Dismiss, the Court must: (1) view the Complaint in the light most favorable to Plaintiffs; and (2) take all well-pleaded factual allegations as true. (Doc. 1); *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

[2] "Plaintiff" refers to Plaintiff Jane Doe. "Plaintiffs" refers to Plaintiffs T.W., K.W., and Jane Doe, collectively. "FLSD" refers to Finneytown Local School District.

[3] The Complaint names FLSD as the defendant. As Defendant notes, this appears to be a typographical error. (Doc. 5 at 2); *Mahdy v. Mason City Sch. Dist.*, No. 1:16-CV-845, 2017 WL 25504, at *2 (S.D. Ohio Jan. 3, 2017) (stating that a school district "is not *sui juris*"). The Court proceeds under the assumption that Plaintiffs have sued the FLSD Board of Education. *Id.*

Plaintiff, her parents, and her friends have reported the harassment to FLSD's teachers, counselors, and principal. (*See, e.g.*, *id.* at ¶¶ 9, 13, 16, 20–21). However, based upon the allegations in the Complaint, none of them has taken "effective steps to end the harassment." (*Id.* at ¶ 1).

On September 21, 2018, Plaintiffs filed suit against Defendant. (*See id.*). Plaintiffs summarize the Complaint, as follows:

> This action alleges Defendant failed to take immediate and appropriate steps to investigate sex-based harassment and assault, and that Defendant failed to take prompt and effective steps to end the harassment once on notice the misconduct had become sufficiently severe so as to deny Plaintiff access to Defendant's educational programs and activities, in violation of . . . 20 U.S.C. § 1681 . . . , 42 U.S.C. § 1983, . . . [and] the Ohio Revised Code ("R.C.").

(*Id.* at ¶ 1).

The Complaint contains three tort claims: negligence under R.C. § 2307; gross negligence under R.C. § 2744.03;[4] and intentional infliction of emotional distress under Ohio common law ("IIED"). (*Id.* at ¶¶ 97–111). The Complaint also contains a request for punitive damages. (*Id.* at 22).

On November 20, 2018, Defendant filed the instant Motion to Dismiss. (Doc. 5). In the Motion to Dismiss, Defendant seeks to dispense with: (A) Plaintiffs' request for punitive damages; and (B) Plaintiffs' tort claims. (*Id.*) The Motion to Dismiss is now ripe for adjudication. (*Id.*)

---

[4] As set out *infra*, Plaintiffs cannot sue Defendant under R.C. § 2744.03. Nonetheless, the Court refers to the claim as it is styled in the Complaint.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible where a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. ANALYSIS

#### A. Punitive Damages

Defendant argues that Plaintiffs' request for punitive damages fails as a matter of law. More precisely, Defendant argues that none of the claims asserted allows a plaintiff to recover punitive damages from a political subdivision.[5] (Doc. 5). The Court agrees.

A request for punitive damages is not an independent claim. *See McIntire v. Baxter Int'l Inc.*, No. 2:16-CV-185, 2017 WL 1078599, at *6 (S.D. Ohio Mar. 21, 2017) (explaining that a request for punitive damages is a derivative, rather than a "stand-alone," form of relief). Thus, a plaintiff can only recover punitive damages from a defendant if an underlying claim allows for them. *See id.*; *see also Iron Workers Local Union No. 17 Ins. Fund & its Trs. v. Philip Morris Inc.*, 29 F. Supp. 2d 801, 819 (N.D. Ohio 1998).

Here, Plaintiffs have asserted 20 U.S.C. § 1681, 42 U.S.C. § 1983, and Ohio state law claims against Defendant. (Doc. 1 at ¶ 1). None of these claims allows Plaintiffs to recover punitive damages from Defendant, a political subdivision. *Burr v. Burns*, No. 2:04-CV-1118, 2005 WL 1969532, at *11 (S.D. Ohio Aug. 12, 2005) (regarding Ohio

---

[5] There is no question that Defendant, a board of education, is a political subdivision. *See* R.C. § 2744.01(F); *Estate of Olsen v. Fairfield City Sch. Dist. Bd. of Educ.*, 341 F. Supp. 3d 793, 809 (S.D. Ohio 2018) (concluding that a board of education was a political subdivision).

4

state law claims); *Hart v. Paint Valley Local Sch. Dist.*, No. 2:01-CV-4, 2002 WL 31951264, at *16 (S.D. Ohio Nov. 15, 2002) (regarding 20 U.S.C. § 1681 and 42 U.S.C. § 1983 claims). Thus, Plaintiffs' request for punitive damages fails as a matter of law.

Plaintiffs do not really dispute this fact. Instead, Plaintiffs argue that the request for punitive damages should survive the Motion to Dismiss, because: (1) 42 U.S.C. § 1983 allows a plaintiff to recover punitive damages in connection with certain individual capacity claims; and (2) Plaintiffs "may yet move the Court for leave to amend their Complaint to" assert such individual capacity claims. (Doc. 7 at 5 (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 269–70 (1981), and *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535–36 (1999))).

The Court will not allow Plaintiffs to seek punitive damages from Defendant, when no claim in the Complaint allows for them. The Court will, however, allow Plaintiffs to file an amended complaint, in which Plaintiffs may, if and as appropriate, assert individual capacity claims, request punitive damages, and/or make other reasonable changes, within 45 days of the date of this Order. The Court concludes that there is good cause to permit such an amendment. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Especially at this early stage of the litigation, the benefit to Plaintiffs far outweighs the detriment to Defendant.

**B. Tort Claims**

Defendant argues that Plaintiffs' tort claims—negligence, gross negligence, and IIED—fail as a matter of law. More precisely, Defendant argues that it is immune from them under R.C. § 2744.02. (Doc. 5). Again, the Court agrees.

5

R.C. § 2744.02(A) provides that, as a general rule, political subdivisions are not liable for injury, death, or loss, related to the performance of governmental functions:

> Except as provided in division (B) of this section, **a political subdivision is not liable** in damages in a civil action **for injury, death, or loss** to person or property allegedly **caused by** any act or omission of **the political subdivision** or an employee of the political subdivision **in connection with a governmental** or proprietary **function**.

R.C. § 2744.02(A)(1) (emphasis added).

R.C. § 2744.02(B) sets out five exceptions to this general rule:

> (1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any **motor vehicle** by their employees when the employees are engaged within the scope of their employment and authority . . . .
>
> (2) Except as otherwise provided in sections 3314.07 and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to **proprietary functions** of the political subdivisions.
>
> (3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep **public roads** in repair and other negligent failure to remove obstructions from public roads . . . .
>
> (4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees . . . , and is due to **physical defects** within or on the grounds of, [certain] buildings . . . .
>
> (5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when civil liability

> is **expressly imposed** upon the political subdivision by a
> section of the [R.C.] . . . .

R.C. § 2744.02(B)(1)–(5) (emphasis added).

If none of the R.C. § 2744.02(B) exceptions applies, R.C. § 2744.02 invalidates tort claims, brought against a political subdivision, based on negligent, grossly negligent, and intentional conduct alike. *Maruschak v. City of Cleveland*, No. 1:09-CV-1680, 2010 WL 2232669, at *6 (N.D. Ohio May 28, 2010) (dismissing negligence claim under R.C. § 2744.02); *Sherick v. Champaign Cty., Ohio*, No. 3:12-CV-219, 2012 WL 6738671, at *3 (S.D. Ohio Dec. 31, 2012) (dismissing gross negligence claim under R.C. § 2744.02); *Olsen*, 341 F. Supp. 3d at 812 (dismissing IIED claim under R.C. § 2744.02).[6]

Here, there is no question that Defendant qualifies for R.C. § 2744.02(A) immunity. Defendant is a political subdivision (a board of education), engaged in a governmental function (the provision of education).[7] R.C. § 2744.01(C)(2)(c), (F). Plus, here, there is no question that none of the R.C. § 2744.02(B) exceptions applies. None of Plaintiffs' tort claims regard: the operation of motor vehicles, the provision of proprietary functions, the maintenance of public roads, the physical defects of buildings, or the express imposition of liability (on political subdivisions).[8] (Doc. 1 at ¶¶ 97–111).

---

[6] Ohio Courts have characterized the R.C. § 2744.02 analysis as a "three-tiered" one: at tier one, the Court determines whether the defendant qualifies for R.C. § 2744.02(A) immunity; at tier two, the Court determines whether any R.C. § 2744.02(B) exceptions apply; and at tier three, the Court determines whether any R.C. § 2744.03(A) defenses reinstate immunity. *See Range v. Douglas*, 763 F.3d 573, 582–83 (6th Cir. 2014). Here, only tiers one and two warrant discussion.

[7] *See Olsen*, 341 F. Supp. 3d at 809 (The "Board of Education is a political subdivision . . . . The provision of a system of public education is a governmental function.").

[8] Plaintiffs have not challenged any of these points in their memorandum *contra*. (Doc. 7).

7

Based upon the foregoing, Defendant is immune from Plaintiffs' tort claims under R.C. § 2744.02.

Plaintiffs raise one notable argument, in opposition to this conclusion. Plaintiffs argue that, regardless of whether Defendant is entitled to R.C. § 2744.02 immunity, Plaintiffs can sue Defendant under R.C. § 2744.03(A)(5), for grossly negligent/ intentional conduct. (*See* Doc. 7 at 7 (claiming that, "[u]nder R.C. § 2744.03(A)(5), a political subdivision can be liable for gross negligence[,] notwithstanding R.C. § 2744.02(B) and the five immunity exceptions listed therein")). But Plaintiffs are mistaken.

R.C. § 2744.03(A)(5) provides as follows:

> (A) In a civil action brought against a political subdivision ... , **the following defenses** or immunities **may** be asserted to **establish nonliability**:
>
> [. . .]
>
> (5) **The political subdivision is immune** from liability if the injury, death, or loss. . . resulted from the exercise of judgment or discretion . . . **unless** the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.

R.C. § 2744.03(A)(5) (emphasis added).

Per its plain language, R.C. § 2744.03(A)(5) does not contain "an exception to immunity;" it contains "a *defense* to liability." *Y.S. v. Bd. of Educ. of Mathews Local Sch. Dist.*, 766 F. Supp. 2d 839, 844 (N.D. Ohio 2011) (citations omitted). That is, per its plain language, R.C. § 2744.03(A)(5) does not allow a plaintiff to avoid any immunities conferred by R.C. § 2744.02(A); rather, it allows a political subdivision to avoid any

8

liabilities allowed by R.C. § 2744.02(B). The portion of R.C. § 2744.03(A)(5), referring to malicious, bad faith, and wanton conduct, is simply an exception to such protection.

Numerous Ohio courts have reached this conclusion. *See Logan v. Sycamore Cmty. Sch. Bd. of Educ.*, No. 1:09-CV-885, 2012 WL 2011037, at *8 (S.D. Ohio June 5, 2012) (R.C. § 2744.03(A)(5) is "only available as a defense to liability, not as a direct way to establish liability."); *Y.S.*, 766 F. Supp. 2d at 844 ("R.C. [§] 2744.03(A)(5) . . . is not an exception to immunity; it is a *defense* to liability. . . . The portion of § 2744.03(A)(5) referring to malicious purpose, bad faith, or wantonness is really an exception to the *defense*, not an exception to immunity." (citation omitted)).[9,10]

Thus, notwithstanding Plaintiffs' argument to the contrary, Defendant is immune from Plaintiffs' tort claims under R.C. § 2744.02.

---

[9] Plaintiffs claim that, in *Elston*, the Supreme Court of Ohio considered whether a political subdivision was liable under R.C. § 2744.03(A)(5), "without considering whether the five exceptions listed under [R.C.] § 2744.02(B) were implicated." (Doc. 7 at 6). This is not accurate. *See Elston v. Howland Local Sch.*, 865 N.E.2d 845, 848 (Ohio 2007) (considering "whether a school district may assert the defenses found in R.C. [§] 2744.03(A)(3) and (A)(5) to establish nonliability **in a case in which a political subdivision would otherwise be liable according to R.C. [§] 2744.02(B)(4)**" (emphasis added)).

[10] R.C. § 2744.03(A)(5) should not be confused with R.C. § 2744.03(A)(6). The latter applies to claims against individual employees. *See Ohio ex rel. Faulkner v. City of Middletown, Ohio*, 688 F. App'x 377, 381 (6th Cir. 2017); *see also Thompson v. Buckeye Joint Vocational Sch. Dist.*, 55 N.E.3d 1, 6 (Ohio Ct. App. 2016) ("The three-tiered analysis of liability applicable to a political subdivision does not apply when determining whether an employee of the political subdivision will be liable for harm caused to an individual. . . . Instead, a court must utilize R.C. [§] 2744.03(A)(6) to analyze immunity for claims against individual employees.").

## IV. CONCLUSION

Based upon the foregoing, the Motion to Dismiss (Doc. 5) is **GRANTED**. Plaintiffs' request for punitive damages is **DISMISSED**. Likewise, Plaintiffs' tort claims—negligence, gross negligence, and IIED—are **DISMISSED**.

**However**, at the Court's discretion, and as justice so requires, the Court *sua sponte* **GRANTS** Plaintiffs leave to file an amended complaint, as permitted in Section III.A, *supra*, within 45 days of the date of this Order. Any amended complaint filed by Plaintiffs shall, *inter alia*, correct the typographical error referenced in footnote three *supra*.

**IT IS SO ORDERED.**

Date:  10/7/19

*/s/ Timothy S. Black*
Timothy S. Black
United States District Judge