IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| T.W. and K.W. as Parents and Legal Guardian of Jane Doe, a minor<br><br>Plaintiffs,<br><br>vs.<br><br>FINNEYTOWN LOCAL SCHOOL DISTRICT<br><br>Defendants. | CASE NO. 1:18-cv-00668<br><br>Judge Timothy S. Black<br><br>**DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFFS' CORRECTED AMENDED COMPLAINT** |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Finneytown Local School District ("School District"), Finneytown Local School District Board of Education ("Board" or "Finneytown"), Grant Anderson, Laurie Banks, Jennifer Dinan, Douglas Dirr, Douglas Lantz, Allison McCrea, Cathy McNair, Eric Muchmore, Terri Noe, Marlo Thigpen, and Nicholas Tippenhauer move this Court to dismiss Counts I, VII, VIII, IX, X; all claims against the School District, and Plaintiffs' motion for injunctive relief. Defendants' Motion is supported by the attached Memorandum, the Stipulation entered March 7, 2019 (Doc # 9), the Order Granting Defendant's Partial Motion to Dismiss (Doc #10), and the pleadings.

Respectfully submitted,

/s/ Ian R. Smith
Ian R. Smith (0068195)
R. Gary Winters (0018680)
McCaslin, Imbus & McCaslin
600 Vine Street, Suite 800
Cincinnati, OH 45202
(513) 421-4646 Phone
(513) 421-7929 fax
irsmith@mimlaw.com
rgwinters@mimlaw.com

1

*Attorneys for Defendants Finneytown Local School District, Finneytown Local School District Board of Education, Grant Anderson, Laurie Banks, Jennifer Dinan, Douglas Dirr, Douglas Lantz, Allison McCrea, Cathy McNair, Eric Muchmore, Terri Noe, Marlo Thigpen, and Nicholas Tippenhauer*

## MEMORANDUM

### I. ALLEGATIONS

#### A. Filings

On October 7, 2019, the court dismissed the three tort claims against the Board as well as Plaintiffs' request for punitive damages. (Doc #10, PAGEID # 96). Plaintiffs filed an amended complaint on November 21, 2019 with the court's leave. (Doc #12, PAGE #98). For some reason, Plaintiffs kept the Finneytown Local School District as a Defendant while adding the Finneytown Local School District Board of Education. (*Id.* at 99). This runs contrary to the law cited by the Board and the court in its Order where the court stated that a school district is not *sui juris*. (Doc #10, PAGEID #87).

Plaintiffs also revived their claim for injunctive relief, despite the parties negotiating and filing a stipulation on March 7, 2019, which withdrew this claim and Plaintiffs' motion for preliminary and permanent injunction. (Doc #9, PAGEID #86).

In the "first" amended complaint, Plaintiffs sued Title IX compliance officers Douglas Lantz and Laurie Banks; Superintendent Terri Noe; Administrators Anderson Grant, Marlo Thigpen, and Eric Muchmore; Social Worker Cathy McNair; and Teachers Rhiana Blaugher, Douglas Dirr, Allison McCrea, and Nicholas Tippenhauer. Plaintiffs have also sued a School Resource Officer Frank McPherson and an unnamed colleague designated as Jane Roe. (*Id.* at 99-

2

101). The undersigned does not represent McPherson or Roe, so this motion will not address the claims against these individuals.

Subsequently, Plaintiffs filed a "corrected" amended complaint on January 17, 2020, without the court's leave. (Doc #17, PAGE #136). The corrections included dismissing the Board from tort claims from which it had already been dismissed, correcting the name Anderson Grant to Grant Anderson, and adding a new defendant, Counselor Emily Styles. (*Id.*).

Plaintiffs have made no attempt to serve Defendants Rhiana Blaugher or Emily Styles, so this motion does not directly address the sole claim against these individuals.

### B. Specific Allegations as to the New Defendants

Plaintiffs offer no theory by which the School District is liable to them, or any justification for it being kept in this suit. (*Id.* at PAGEID # 137).

Plaintiffs have not alleged any specific actions taken by Grant Anderson or Douglas Lantz. (Doc #17, PAGEID # 136-152).

As to Superintendent Noe and Student Services Director Banks, Plaintiffs have only alleged that they attended a meeting among the parties and legal counsel on May 3, 2018. (*Id.* at PAGEID # 151).

Plaintiffs allege that Social Worker McNair attended an April 6, 2018 meeting with them and other Board employees; at the meeting, McNair handed them a civil rights publication. (*Id.* at PAGEID# 148-149).

As to Assistant Principal Thigpen, Plaintiffs allege that *she* (not he) attended the April 6th meeting. (*Id.* at PAGEID#148).

As to Principal Dinan, Plaintiffs allege that Plaintiff's mother asked others to have Dinan call her and Plaintiffs contend that Dinan did not call her. (*Id.* at PAGEID # 145). Plaintiffs also

3

allege that Dinan, and other Board employees met with them on April 6, 2918 and at that meeting Dinan asked would it help if Plaintiff and the boys sit down together and talk. (*Id.* at PAGEID# 148).

As to Teacher Dirr, Plaintiffs only allege that sometime during the 2016-2017 school year he sent boys out of his classroom when Plaintiff complained to him of these boys' behavior. (*Id.* at PAGEID# 141). Plaintiffs do not allege that they contacted Dirr on their daughter's behalf, asking him to take any additional steps. (*Id.*). Plaintiffs do not allege that Dirr witnessed the offending behavior.

Plaintiffs allege that Teachers McCrea and Tippenhauer failed to discipline boys who were allegedly bothering Plaintiff with "crass jokes and comments, which were now accompanied by lewd gesticulations, grunting, moaning, mimicking oral sex, and pornographic images and video." (*Id.* at PAGEID# 142, 146). Plaintiffs do not allege that McCrea or Tippenhauer witnessed the offending behavior.

As to Dean of Students Muchmore, Plaintiffs allege that they left a note for him on March 1, 2018. (*Id.* at PAGEID#143). Plaintiff's mother alleges that on March 8, 2018, she called Muchmore and told him that Plaintiff had been assaulted. (*Id.* at PAGEID# 145). Plaintiffs allege that Plaintiff met with Muchmore in his office the next day. (*Id.*). Upon discussing her options, Plaintiff agreed to and signed a cease-and-desist order "mutually binding on her and her victimizers." (*Id.* at PAGEID#145-146). Plaintiff alleges that she told Muchmore that boys who had not signed the order were harassing her, and he told Plaintiff that there was nothing that he could do. (*Id.* at 146). Plaintiff only attended school a few days before Plaintiffs met with Muchmore and others on April 6, 2018. (Id. at PAGEID# 147-148).

4

## II. LAW AND ARGUMENT

### A. Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the court construes the facts alleged in the Complaint in the light most favorable to the Plaintiff. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). The complaint must "contain sufficient factual matter . . . to state a claim to relief that is a plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion, the Plaintiff must sufficiently plead facts that when taken as true, "contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *D'Ambrosio, supra* at 383.

A court will accept as true "all well pleaded material allegations" of the opposing party. *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010). However, a court "need not accept as true legal conclusions or unwarranted factual inferences." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581-82 (6th Cir. 2007). Notice pleading requires that a complaint contain a "short and plain statement of the claims showing that the pleader is entitled to relief" in order to "give the Defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). A claim has the requisite facial plausibility when "the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal, supra* at 678. Factual allegations need not be detailed but must be "enough to raise a right to relief above the speculative level." *Twombly, supra* at 555. If a complaint pleads facts that are merely consistent with a Defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Iqbal, supra* at 678.

When a court considers the facial plausibility of a complaint, it accepts as true the factual allegations in the complaint, but not the legal conclusions. *Id*. "Thus, if a legal conclusion is

5

couched as a factual allegation, it need not be accepted as true." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "The tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 663.

In a federal civil rights action, a plaintiff must have "alleged that a specific defendant performed a specific act that suffices to state a [federal civil rights] claim." *Stiles v. Grainger Cnty.*, 2015 U.S. Dist. Lexis 35505 at *17-18 (E.D. Penn. 2015). Listing names on the complaint's caption and alleging Constitutional violations in the body of the Complaint is insufficient to state a cause of action against the individual defendants. *Id.* at *17. Courts appropriately dismiss a complaint where it merely identifies defendants as holding a particular position without specific allegations concerning specific acts performed by each individual defendant that result in the deprivation of the plaintiff's constitutional rights. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012). Simply, "lumping all the defendants together" in each claim without providing any specific factual basis to distinguish their conduct, fails to satisfy the minimum standard that a complaint must give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Id.* Plaintiffs have failed to state a claim against these Defendants under the above standard.

### B. Plaintiffs' Claims Against the School District

Plaintiffs have included the School District as a Defendant without any legal justification. (Doc #17, PAGEID # 137). In spite of the legal authority cited in the Partial Motion to Dismiss, Plaintiffs have taken the unusual approach of suing both the District and the Board.

Under Ohio law, a school district "does not exist and is not *sui juris*." *Mahdy v. Mason City Sch. Dist.*, No. 1:16-CV-845, 2017 WL 25504, at *2 (S.D. Ohio Jan. 3, 2017). It is the board of

education of the school district that is the body politic and corporate which is capable of suing and being sued. *Id.*; R.C. 3313.17. The court cited the same authority in its Order. (Doc#10, PAGEID #87). Based on this legal authority, Defendants ask this Court to dismiss all claims against the School District.

### C. Count VII: Negligence Claim Under R.C. 3313.66

Count VII is a state law negligence claim which was originally filed against the Board as Count VI. (Doc #1, PAGEID#17-19). Plaintiffs refiled this claim in its entirety, substituting Banks, Lantz, and Noe for the Board. (Doc # 17, PAGEID #158). In this revived claim, Plaintiffs allege that "Defendants breached their duty under R.C. 3313.666 to develop a strategy to protect the Plaintiff from harassment, intimidation, bullying, and retaliation." (Doc # 17, PAGEID #159). Plaintiffs argue that this alleged breach "constitutes negligence in violation of R.C. § 2307." (*Id.*). As in their original Complaint, Plaintiffs do not identify the particular section of Chapter 2307 which expressly imposes liability upon these Defendants. Moreover, R.C. 3313.666 does not expressly impose liability. To the contrary, R.C. 3313.666 (G) states: "This section does not create a new cause of action or a substantive legal right for any person." Accordingly, this claim must be dismissed against Defendants Banks, Lantz, and Noe.

### D. Count VIII: R.C. 2744.03 Negligence Action Against Defendants Anderson, Dinan, and Noe

Plaintiffs identify Count VIII as "Gross Negligence (O.R.C. §2744.03)." (Doc #17, PAGEID# 160). This claim was originally filed as Count VII against the Board. (Doc #1, PAGEID#19-20).

As Defendant Board cited in its first partial motion to dismiss, R.C. 2744.03 is a defense to liability; it is not an exception to immunity. *Golden v. Milford Exempted Village School Bd. of*

7

*Edn.*, 2009-Ohio-3418, ¶ 14 (12th Dist. 2009). "Only a municipality may assert the defenses \*\*\* provided in R.C. 2744.03, in response to a claim of liability based on the statutory exceptions to immunity enumerated in R.C. 2744.02(B)." *Hill v. Urbana*, 79 Ohio St. 3d 130, 138-139, 679 N.E.2d 1109, 1997-Ohio-400.

The court has already stated that R.C. 2744.03 is not a direct way to establish liability. (Doc #10, PAGEID# 95). The substitution of individual school officials for the Board does not change anything. Count VIII is based on a defense to liability. It cannot serve as basis for a negligence claim against Anderson, Dinan, and Noe. Thus, this claim must be dismissed.

### E. Count X: Claim for Injunctive Relief

Count X has already been dismissed by the parties pursuant to a negotiated Stipulation entered more than 10 months ago. (Doc #9, PAGEID # 86). Neither party has filed a motion to withdraw the Stipulation. Accordingly, this claim for injunctive relief and the corresponding motion for preliminary and permanent injunction must be dismissed.

### F. Count I: "Failure to Comply with Title IX" Claim Against the Board

In Count I, Plaintiffs allege that the Board and the School District failed to comply with Title IX's administrative requirements. (Doc # 17, PAGEID #153). Specifically, Plaintiffs allege:

> 115. The FLSD Defendants failed to distribute a non-discrimination notice, and failed to advise students, prospective students, parents, or employees of its Title IX coordinator's identity.
>
> 116. The FLSD Defendants failed to adopt and publish grievance procedures providing for prompt resolution of complaints, to ensure that members of the school community were aware of their rights under Title IX, and failed to ensure that the school community was aware of how to file a complaint alleging a violation under Title IX.

(*Id.*). This claim must be dismissed, because the implied private right of action under Title IX does not allow recovery in damages for violation of those sorts of administrative requirements. *Gebser v. Lago Vista Independent School Dist*, 524 U.S. 274, 292 (1998).

### G. Count IX: Intentional Infliction of Emotional Distress Claim Against McNair, Thigpen, Dinan, Dirr, McCrea, Tippenhauer, and Muchmore

"In order to be actionable on a claim of intentional infliction of emotional distress, an actor's conduct must be extreme and outrageous. *Hanley v. Riverside Methodist Hospital* (1991), 78 Ohio App. 3d 73, 603 N.E.2d 1126. To satisfy that standard, the acts concerned must by their nature go beyond all possible bounds of decency so as to be considered utterly intolerable in a civilized community. *Pyle v. Pyle* (1983), 11 Ohio App.3d 31, 463 N.E.2d 98. Liability for intentional infliction of emotional distress 'does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.' *Yeager v. Local Union 20* (1983), 6 Ohio St. 3d 369, 375, 453 N.E.2d 666."

*Potter v. RETS Tech Center, Co., Inc.*, 2008 WL 615423 (2nd Dist. 3/7/2008). "The behavior complained of must go beyond the intentionally tortious or even the criminal. *Yeager, supra* at 671.

"In order to recover damages for the intentional infliction of serious emotional distress four elements must be proved: a) that the actor intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; b) that the actor's conduct was extreme and outrageous, that it went beyond all possible bounds of decency and that it can be considered utterly intolerable in a civilized community; c) that the actor's actions were the proximate cause of the plaintiff's psychic injury; and d) that the mental anguish suffered by plaintiff is serious and of a nature that no reasonable person could be expected to endure it."

*Pyle, supra* at 31.

Plaintiffs allege no conduct by these defendants which goes beyond all possible bounds of decency. Plaintiffs' allegations against some of these Defendants center on an alleged failure to impose discipline or impose harsher discipline on offending students. Other allegations simply state that Defendants met with Plaintiffs' parent(s). There is no allegation in the complaint which states that any school official threatened, touched, assaulted, yelled at, or ridiculed Plaintiffs or their daughter.

Plaintiffs allege that Social Worker McNair attended an April 6, 2018 meeting with them and other Board employees; at the meeting, McNair handed them a civil rights publication. (Doc

9

#17, PAGEID# 148-149). Plaintiffs allege that Assistant Principal Thigpen attended the same April 6th meeting. (*Id.* at PAGEID#148).

As to Principal Dinan, Plaintiffs allege that Plaintiff's mother asked others to have Dinan call her and Plaintiffs contend that Dinan did not call her. (*Id.* at PAGEID # 145). Plaintiffs also contend that Dinan, and other Board employees met with them on April 6, 2018 and at that meeting Dinan asked would it help if Plaintiff and the boys sit down together and talk. (*Id.* at PAGEID# 148).

As to Teacher Dirr, Plaintiffs only allege that sometime during the 2016-2017 school year he sent boys out of his classroom when Plaintiff complained to him of these boys' behavior. (*Id.* at PAGEID# 141). Plaintiffs do not allege that they contacted Dirr on their daughter's behalf, asking him to take any additional steps. (*Id.*). Plaintiffs do not allege that Dirr witnessed the offending behavior.

Plaintiffs allege that Teachers McCrea and Tippenhauer failed to discipline boys who were allegedly bothering Plaintiff with "crass jokes and comments, which were now accompanied by lewd gesticulations, grunting, moaning, mimicking oral sex, and pornographic images and video." (*Id.* at PAGEID# 142, 146). Plaintiffs do not allege that McCrea or Tippenhauer witnessed the offending behavior.

As to Dean of Students Muchmore, Plaintiffs allege that they left a note for him on March 1, 2018. (*Id.* at PAGEID#143). Plaintiff's mother alleges that on March 8, 2018, she called Muchmore and told him that Plaintiff had been assaulted. (*Id.* at PAGEID# 145). Plaintiffs alleges that Plaintiff met with Muchmore in his office the next day. (*Id.*). Upon discussing her options, Plaintiff agreed to and signed a cease-and-desist order "mutually binding on her and her victimizers." (*Id.* at PAGEID#145-146). Plaintiff alleges that she told Muchmore that boys who

10

had not signed the order were harassing her, and he told Plaintiff that there was nothing that he could do. (*Id.* at 146). Plaintiff only attended school a few days before Plaintiffs met with Muchmore and others on April 6, 2018. (*Id.* at PAGEID# 147-148).

With this claim, Plaintiffs are attempting a back-door Title IX claim against individuals. It is without dispute that there is no individual liability under Title IX. Plaintiffs have filed three Title IX claims against the School District and Board. (Doc #17, PAGEID #152-155). Defendants have not moved to dismiss the Title IX claims numbered as Counts II and III. Plaintiffs' avenue for addressing alleged peer-on-peer harassment is their Title IX claims, not this intentional tort which requires extreme and outrageous conduct by Defendants.

Defendants additionally assert the statute-of-limitations affirmative defense to this claim. If the underlying character of this claim is the alleged assaults and harassment by students, this claim should be subject to a one-year statute of limitations, since the tort of assault has a one-year statute of limitations. *Stafford v. Columbus Bonding Ctr.*, 177 Ohio App. 3d 799, 810 (10th App. 8/5/2008). The statute of limitations has run on this claim, since the last event of alleged harassment or assault occurred on April 10, 2018 and this claim was not filed against these defendants until November 21, 2019. (Doc #17, PAGEID # 149; Doc #12, PAGE 98).

### III. CONCLUSION

Based on the foregoing, Defendants move this Court to issue an order dismissing Counts I, VII, VIII, IX, X; all claims against the School District, and Plaintiffs' motion for injunctive relief.

Respectfully submitted,

/s/ Ian R. Smith
Ian R. Smith (0068195)
R. Gary Winters (0018680)
McCaslin, Imbus & McCaslin
600 Vine Street, Suite 800
Cincinnati, OH 45202
(513) 421-4646 Phone
(513) 421-7929 fax
irsmith@mimlaw.com
rgwinters@mimlaw.com
*Attorneys for Defendants Finneytown Local School District, Finneytown Local School District Board of Education, Grant Anderson, Laurie Banks, Jennifer Dinan, Douglas Dirr, Douglas Lantz, Allison McCrea, Cathy McNair, Eric Muchmore, Terri Noe, Marlo Thigpen, and Nicholas Tippenhauer*

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically on **February 3, 2020** using the Court's CM/ECF system, which will serve all parties and counsel of record who have appeared and constitutes service by rule. A copy of this filing was also sent via e-mail to the following counsel: Bennett P. Allen, Esq. ballen@econjustice.com and Scott A Sollmann, Esq. ssollmann@smbplaw.com.

/s/ Ian R. Smith
Ian R. Smith   0068195