## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **T.W. and K.W. as Parents and Legal Guardians of JANE DOE, a Minor** )<br><br>)<br>**Plaintiffs,** )<br><br>**v.** )<br><br>)<br>**FINNEYTOWN LOCAL SCHOOL DISTRICT BOARD OF EDUCATION** *et al.*, )<br><br>**Defendants.** )<br><br>) | **Case No. 1:18-cv-668**<br><br>**Judge Timothy S. Black**<br><br>**Magistrate Judge Stephanie K. Bowman**<br><br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS THE CORRECTED AMENDED COMPLAINT** |

Plaintiffs submit the following response in opposition to Defendants' Partial Motion to Dismiss Plaintiffs' Corrected Amended Complaint (Doc. #19).

## I.    ALLEGATIONS

### A.    Filings

1.    Plaintiffs do not dispute Defendants' account of the filing on October 7, 2019, nor do Plaintiffs dispute Defendants' account of the filing on November 21, 2019.  However, on February 10, 2020, Plaintiffs dismissed the Finneytown Local School District as a defendant. (Doc. #20).

2.    On November 16, 2018, the Plaintiffs and Defendant Finneytown Local School District Board of Education ("FLSD") executed a No-Contact Agreement (*see* Exhibit A).  The Agreement required FLSD to place Plaintiff in separate classes from the students harassing her, and in exchange Plaintiffs agreed to withdraw their motion for preliminary and permanent injunction, and to dismiss their claim for injunctive relief with respect to classroom placement. (*See* Exhibit A, ¶¶ 7-8; *see also* Doc. #1, PAGEID #20, ¶ 113).

3.      Plaintiffs agreed only to dismiss the claim for injunctive relief described in paragraph 113 of the Complaint.  (*See* Exhibit A, ¶¶ 7-8)

4.      Pursuant to the parties' No-Contact Agreement, On March 7, 2019 Plaintiffs filed a Stipulation of Partial Dismissal and Withdrawal of Motion for Preliminary and Permanent Injunction (Doc. #9).  The Stipulation is mistakenly worded in such a way that it can be read to have dismissed all claims in Count XI of the Complaint.  However, the Agreement on which the Stipulation is based covers only "the injunctive relief described in paragraph 113 of the Complaint." (*See* Exhibit A, ¶ 8).

5.      In their Corrected Amended Complaint, Plaintiffs did not revive their claim for the injunctive relief sought in Paragraph 113 of the Complaint. (Doc. #17, PAGEID #161-63, ¶¶ 165-73).

6.      Plaintiffs do not dispute Defendants' account of who has been sued or its account of the claims that are addressed by its Partial Motion to Dismiss.

7.      Plaintiffs do not dispute Defendants' account of the Corrected Amended Complaint filed January 17, 2020. (Doc. #19, PAGE ID #175).

8.      On February 10, 2020, Plaintiffs dismissed Rhiana Blaugher and Emily Styles as defendants. (Doc. #20).

**B.      Specific Allegations as to New Defendants**

9.      On February 10, 2020, Plaintiffs dismissed the Finneytown Local School District as a defendant. (Doc. #20).

10.      Plaintiffs' claims are based on a theory of deliberate indifference, a theory predicated on Defendants' inaction, a theory predicated on nonfeasance not malfeasance.  On February 10, 2020, Plaintiffs dismissed Grant Anderson as a defendant. (Doc. #20).  And Plaintiffs

2

need not allege Defendant Douglas Lantz took specific actions where it is inaction that constitutes the deliberate indifference underlying Plaintiffs' claims.

11.     Plaintiffs do not dispute Defendants' account of the allegations regarding Defendants Noe and Banks. Their willful failure to perform the duties required by Title IX constitutes the deliberate indifference underlying Plaintiffs' claims.

12.     Plaintiffs do not dispute Defendants' account of the allegations regarding Defendant McNair. Her willful failure to perform the duties required by Title IX constitutes the deliberate indifference underlying Plaintiffs' claims.

13.     Plaintiffs do not dispute Defendants' account of the allegations regarding Defendant Thigpen. Her willful failure to perform the duties required by Title IX constitutes the deliberate indifference underlying Plaintiffs' claims.

14.     Plaintiffs do not dispute Defendants' account of the allegations regarding Defendant Dinan. Her willful failure to perform the duties required by Title IX, specifically her failure to contact Plaintiff's mother and instead suggest a meeting between Plaintiff and her victimizers, constitutes the deliberate indifference underlying Plaintiffs' claims.

15.     Plaintiffs do not dispute Defendants' account of the allegations regarding Defendant Dirr. His willful failure to perform the duties required by Title IX, specifically his failure to take additional and effective steps to discipline Plaintiffs victimizers, constitutes the deliberate indifference underlying Plaintiffs' claims.

16.     Plaintiffs do not dispute Defendants' account of the allegations regarding Defendants McCrea and Tippenhauer. Their willful failure to perform the duties required by Title IX, specifically their failure to act in response to Plaintiff's complaints, constitutes the deliberate indifference underlying Plaintiffs' claims.

17.     Plaintiffs do not dispute Defendants' account of the allegations regarding Defendant Muchmore.  His willful failure to perform the duties required by Title IX, for example his failure to discipline the boys who violated the non-disclosure provision of the cease-and-desist order, constitutes the deliberate indifference underlying Plaintiffs' claims.  And Plaintiff only attended school a few days before the meeting with Muchmore (Doc. #19 PAGEID #176) because by that time the harassment had become sufficiently severe so as to deny Plaintiff access to Defendants' educational programs and activities.

## II.     LAW AND ARGUMENT

### A.     Standard of Review

18.     Plaintiffs do not dispute Defendants' statement of law with respect to the standard of review for motions to dismiss.  However, the cases Defendants cite in support of their position that individual defendants should be dismissed are distinguishable.

19.     In *Stiles v. Grainger Cnty.*, 2015 U.S. Dist. Lexis 35505 (E.D. Penn. 2015), the Court's findings were based in part on an "abundantly clear… record that school administrators responded to the plaintiffs' complaints, interviewed witnesses, kept notes, and took measures to punish culpable students." *Id.*, at 23.

20.     Here, there is no such evidence on the record.  To the contrary, Plaintiffs have alleged that Defendant Dinan failed to respond to mother's phone calls, and that no witnesses were interviewed. (Doc. #17, PAGEID #143, ¶¶ 58-59).  If individual defendants interviewed witnesses, took notes, or punished the culpable students Defendants should produce those records pursuant to Fed. R. Civ. P. 26.

21.     Thus far, Defendants have refused to disclose the nature of any punishment for the culpable students on the basis of their unsubstantiated right to privacy.  The only action on record

that was taken with respect to the culpable students was speaking to them and having them sign the same cease-and-desist order Plaintiff was required to sign. If any of the Defendants took disciplinary action against the culpable students, Defendants should produce those records pursuant to Fed. R. Civ. P. 26.

22.     *Marcilis v. Twp of Redford*, 693 F.3d 589 (6th Cir. 2012) is distinguishable in that there Plaintiffs alleged Defendants' affirmative acts gave rise to the underlying constitutional claims. Here, Plaintiffs' claims are based on a theory of deliberate indifference, a theory predicated not on action but on Defendants' inaction, a theory predicated on nonfeasance not malfeasance.

23.     At this stage in the litigation, the record is not sufficiently developed for the Court to find that Defendants' inaction was clearly not unreasonable as a matter of law.

24.     Plaintiffs' Corrected Amended Complaint puts all Defendants on notice that the claims against them are based on their failure to take effective steps to end sexual harassment and prevent its recurrence.

### B.     Plaintiffs' Claims Against the School District.

25.     On February 10, 2020, Plaintiffs dismissed the Finneytown Local School District as a defendant. (Doc. #20).

### C.     Count VII: Negligence Claim Under R.C. 3313.66

26.     Plaintiffs concede that R.C. 3313.666(G) states, "This section does not create a new cause of action or a substantive legal right for any person."

27.     However, Plaintiffs Count VII is a common-law tort claim not a statutory claim. R.C. 3313 establishes Defendants' duty to develop a strategy to protect Plaintiff from harassment, intimidation, bullying, and retaliation. Defendants breached that duty by failing to comply with

R.C. 3313.666(B), (C), or (D).  And Defendants' breach of duty caused the harm for which Plaintiff seeks redress in this litigation.

28.     Furthermore, R.C. 3313.666(F) states, "nothing in this section prohibits a victim from seeking redress under any. . . common law that may apply."

29.     With the Court's permission, Plaintiffs will amend their Complaint to remove any mistaken and or unnecessary reference to R.C. Chapter 2307.

**D.     Count VIII: R.C. 2744.03 Negligence Action Against Defendants Anderson, Dinan and Noe.**

30.     Plaintiffs concede that R.C. 2744.03 is a defense to liability.  However, under R.C. 2744.03(A)(6)(b), an employee is immune from liability unless the employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner.

31.     Thus, Plaintiffs amended their Complaint in part by listing Defendants Anderson, Dinan, and Noe as the employees liable under 2744.03(A)(6)(b) for failing to act "with the dishonest purpose of avoiding state and federal reporting requirements, which would have tarnished Defendant's image in the eyes of prospective students and their parents."  (Doc. #17, PAGEID #160, ¶ 158; *see also* Doc. #10, PAGEID #95, Fn. 10).

32.     Plaintiffs understood the Court's Order Granting Defendant's Partial Motion to Dismiss (Doc. #10) to have dismissed their tort claims for negligence, gross negligence, and IIED only to the extent those claims were not properly pled as against an appropriate defendant.  Based on that understanding, Plaintiffs amended their Complaint to bring tort claims against individual defendants. (Doc. #17, PAGEID # 158-61, ¶¶ 149-64).

33.     If Plaintiffs misunderstood the Court's Order, with the Court's permission Plaintiffs will amend their Corrected Amended Complaint accordingly and without delay.

6

**E.     Count X: Claim for Injunctive Relief.**

34.     In exchange for an agreement from the Board not to put Plaintiff in the same class as the students harassing her, Plaintiffs agreed to dismiss their claim for the injunctive relief, described in Paragraph 113 of the Complaint, that would have prevented the Board from putting Plaintiff in the same class as the students harassing her (*See* Exhibit A ¶¶ 1, 7, and 8; *and* Doc. #1, PAGEID #20, ¶ 113).

35.     In their Corrected Amended Complaint, Plaintiffs did not revive their claim for the injunctive relief sought in Paragraph 113 of the Complaint. (Doc. #17, PAGEID #161-63, ¶¶ 165-73; *see also* ¶¶ 2-5 *supra*).

**F.     Count I: "Failure to Comply with Title IX" Claim Against the Board.**

36.     Defendants argue, "[t]his claim must be dismissed, because the implied private right of action under Title IX does not allow recovery in damages for violation of [its] administrative requirements." (Doc. #19, PAGEID #180).

37.     Plaintiffs do not seek recovery in damages for violations of Title IX's administrative requirements.  Plaintiffs seek injunctive relief for Defendant's failure to comply with Title IX's administrative requirements. (Doc. #17, PAGEID #161-63, ¶¶ 165-73).

**G.     Count XI: Intentional Infliction of Emotional Distress Claim Against McNair, Thigpen, Dinan, Dirr, McCrea, Tippenhauer, and Muchmore.**

38.     Defendants argue this claim should be dismissed because "Plaintiffs allege no conduct by the[] defendants which goes beyond all possible bounds of decency." (Doc. #19, PAGE ID #181).

39.     In support of their argument, Defendants note that Plaintiffs do not allege Dirr, McCrea, or Tippenhauer witnessed the offending behavior.  (Doc. #19, PAGEID #182).  However, a defendant need not witness the misconduct for liability to attach.  For liability to attach for

intentional infliction of emotional distress, Plaintiffs need only show that Defendants (1) intended to or recklessly caused the plaintiff serious emotional distress; (2) the defendant's conduct was extreme and outrageous; and (3) the defendant's conduct was the proximate cause of plaintiff's serious emotional distress. *Phung v. Waste Mgt., Inc*., 644 N.E.2d 286 (1994). Reckless conduct is defined as "conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Anderson v. City of Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266.

40. If any defendant in this case lacked actual knowledge of the misconduct such that they cannot be held liable for indifference, that defendant should establish as much on the record pursuant to Fed. R. Civ. P. 26.

41. A claim cannot be decided as a matter of law unless the facts are such that reasonable minds can draw but one conclusion from the evidence. *See, e.g., Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986) ("Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

42. Reasonable minds might disagree as to whether Defendants' repeated failure to act, in light of the numerous complaints and increasing severity of the misconduct, went beyond all possible bounds of decency, making this a claim properly decided by the fact finder once the evidentiary record is complete.

43. Plaintiffs understood the Court's Order Granting Defendant's Partial Motion to Dismiss (Doc. #10) to have dismissed their tort claim for IIED only to the extent that it was not properly pled as against an appropriate defendant. Based on that understanding, Plaintiffs

amended their Complaint to bring their IIED claim against individual defendants. (Doc. #17, PAGEID #161, ¶¶161-64).

44.    If Plaintiffs misunderstood the Court's Order, with the Court's permission Plaintiffs will amend their Corrected Amended Complaint accordingly and without delay.

### III.    CONCLUSION

Defendant's motion to dismiss should be denied because Plaintiffs' Corrected Amended Complaint puts all Defendants on notice that the claims against them are based on their failure to take effective steps to end sexual harassment and prevent its recurrence, and because at this stage in the litigation the record is not sufficiently developed for the Court to find that Defendants' inaction was clearly not unreasonable as a matter of law.

Respectfully Submitted,

s/ Bennett P. Allen

Bennett P. Allen (96031)
COOK & LOGOTHETIS, LLC
30 Garfield Place, Suite 540
Cincinnati, OH 45202
P: (513) 287-6992
F: (513) 721-1178
ballen@econjustice.com
*Trial Attorney for Plaintiff*

David M. Cook (23469)
COOK & LOGOTHETIS, LLC
30 Garfield Place, Suite 540
Cincinnati, OH 45202
P: (513) 287-6980
F: (513) 721-1178
dcook@econjustice.com
*Counsel for Plaintiff*

9

Elizabeth K. Abdnour (81795)
ELIZABETH K. ABDNOUR, ESQ., PLLC
PO Box 27638
Lansing, MI 48909
P: (517) 292-0067
elizabeth@abdnour.com
*Co-Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 24th day of February 2020, a copy of the foregoing Plaintiffs'
Response in Opposition to Defendants' Partial Motion to Dismiss the Corrected Amended
Complaint was filed using the Court's CM/ECF system.  Notice of this filing will be sent to all
counsel of record by operation of the Court's electronic filing system.

s/Bennett P. Allen
Bennett P. Allen