## NO-CONTACT AGREEMENT

Plaintiffs T.W. and K.W., individually and as parents and legal guardians of their child Student Doe, and the Finneytown Local School District ("FLSD" or "Finneytown") desire to enter into an agreement establishing the terms and conditions of no-contact orders issued to Student Doe and three FLSD middle school students ("Three Students") on [date] whose identities are known to the parties. Student Doe and the three FLSD middle school students shall be known collectively as the "Four Students". To that end, Plaintiffs T.W. and K.W. and FLSD agree as follows:

1. FLSD will not place Student Doe in any of the same classes as any of the Three Students at any time during the 2018-2019 and 2019-2020 school years. The Three Students are not prohibited from attending the same class(es) together. Student Doe will not be placed in the same Mentor Group with any of the Three Students during her remaining years of enrollment in FLSD.

2. Title IX Coordinator/Compliance Officer Dr. Laurie Banks will meet separately with each of the Four Students within five school days. Student Doe's parents will be permitted to attend her meeting with Dr. Banks. The purpose of the meetings is to advise Student Doe and the Three Students to stay away from each other, and to advise Student Doe of the procedures to be followed to report any violation of this Agreement. The Three Students will not be told to stay away from each other. Dr. Banks will advise Student Doe that the Three Students are to have no contact with Student Doe, and that they are to use their best efforts to avoid invading her immediate personal space, unless and until they are told otherwise by Dr. Banks or Doug Lantz. Student Doe will also be told by Dr. Banks that she is to use her best efforts to avoid contact with the Three Students. During the individual meetings with the Three Students, Dr. Banks will advise each Student that he is to have no contact with Student Doe, and that he is to use his best efforts to avoid invading the immediate

1

personal space of Student Doe, unless and until he is told otherwise by Dr. Banks or Doug Lantz.

3. During the meetings mentioned in Item 2 above, each student will be advised that violations of the no-contact order will result in parents being contacted and discipline will be imposed consistent with the Finneytown Secondary Campus Classroom Behavioral Matrix ("Behavioral Matrix"), which is attached as Exhibit A.

4. Anyone to whom the existence of a no-contact order is disclosed, who subsequently engages directly or indirectly in misconduct aimed at or intended for Student Doe or the Three Students, will be disciplined consistent with the Behavioral Matrix.

5. Student Doe and the Three Students will be advised that they must report any actual or perceived violation of this Agreement only to Dr. Laurie Banks or Doug Lantz, compliance officers for the District.

6. FLSD will meet with all relevant faculty and staff at the Secondary Campus including, but not limited to, teachers, building administrators, coaches, and medical personnel to remind them of their Title IX obligations including the duty to report sexual harassment.

7. In exchange for FLSD's agreement to the above Items 1-6, Plaintiffs agree to withdraw their Motion for a Permanent Injunction and Preliminary Injunction filed on or about September 24, 2018 in case number 1:18-cv-00668 (Docket item #2).

8. In exchange for FLSD's agreement to the above Items 1-6, Plaintiffs agree to forego their request for the injunctive relief described in paragraph 113 of the Complaint filed in this matter.

9. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. A signed facsimile meets the execution requirement of this paragraph.

10. This Agreement may be executed on behalf of the Plaintiffs by Cook & Logothetis, LLC, and may be executed on behalf of FLSD by Dr. Laurie Banks, Compliance Officer.

11. Any attorney who signs this Agreement acknowledges and represents that he is authorized and empowered to execute this Agreement on behalf of his client.

IN WITNESS WHEREOF, the authorized representatives of the parties have each set their hand hereunder in order to signify their intent to be bound by the foregoing.

On Behalf of the Plaintiffs:

_____    11/12/18
Bennett P. Allen, Esquire        Date
COOK & LOGOTHETIS, LLC


On Behalf of Finneytown
Local School District:

_____    11/16/18
R. Gary Winters                  Date
McCaslin, Imbus & McCaslin, LPA

3