## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **T.W. and K.W. as Parents and Legal** | : | |
| **Guardians of JANE DOE, a Minor** | : | **Case No. 1:18cv668** |
| | : | |
| **Plaintiff,** | : | **Judge Timothy S. Black** |
| | : | |
| **v.** | : | |
| | : | |
| **FINNEYTOWN LOCAL SCHOOL** | : | |
| **DISTRICT, *et al*.,** | : | |
| | : | |
| **Defendants.** | : | |

## ANSWER OF DEFENDANT, FRANK MCPHERSON,
## TO PLAINTIFFS' AMENDED COMPLAINT

COMES NOW Defendant, Frank McPherson, by and through counsel, and for his Answer to Plaintiffs' Amended Complaint states as follows:

1. This Defendant denies the allegations in paragraph 1 of Plaintiffs' Amended Complaint.

2. This Defendant denies the allegations in paragraph 2 of Plaintiffs' Amended Complaint for want of knowledge.

3. This Defendants admits Defendant Finneytown Local School District (hereinafter "FLSD") is a public local school district and a political subdivision, but denies all remaining allegations in paragraph 3 of Plaintiffs' Amended Complaint.

4. This Defendant denies the allegations in paragraph 4 of Plaintiffs' Amended Complaint for want of knowledge.

5. This Defendant admits FLSD Board of Education is the governing body for FLSD.

6. To the extent any allegations are made in paragraph 6 of Plaintiffs' Amended Complaint, this Defendant denies those allegations.

7. This Defendant denies the allegations in paragraph 7 of Plaintiffs' Amended Complaint for want of knowledge.

8. This Defendant denies the allegations in paragraph 8 of Plaintiffs' Amended Complaint for want of knowledge.

9. This Defendant denies the allegations in paragraph 9 of Plaintiffs' Amended Complaint for want of knowledge.

10. This Defendants denies the allegations in paragraph 10 of Plaintiffs' Amended Complaint for want of knowledge.

11. This Defendant denies the allegations in paragraph 11 of Plaintiffs' Amended Complaint for want of knowledge.

12. This Defendant denies the allegations in paragraph 12 of Plaintiffs' Amended Complaint for want of knowledge.

13. This Defendant denies the allegations in paragraph 13 of Plaintiffs' Amended Complaint for want of knowledge.

14. This Defendant denies the allegations in paragraph 14 of Plaintiffs' Amended Complaint for want of knowledge.

15. This Defendant denies the allegations in paragraph 15 of Plaintiffs' Amended Complaint for want of knowledge.

16. This Defendant denies the allegations in paragraph 16 of Plaintiffs' Amended Complaint for want of knowledge.

17. This Defendant denies the allegations in paragraph 17 of Plaintiffs' Amended Complaint for want of knowledge.

18. This Defendant denies the allegations in paragraph 18 of Plaintiffs' Amended Complaint for want of knowledge.

19. This Defendant denies the allegations in paragraph 19 of Plaintiffs' Amended Complaint for want of knowledge.

20. This Defendant denies the allegations in paragraph 20 of Plaintiffs' Amended Complaint for want of knowledge.

21. This Defendant denies the allegations in paragraph 21 of Plaintiffs' Amended Complaint for want of knowledge.

22. This Defendant denies the allegations in paragraph 22 of Plaintiffs' Amended Complaint for want of knowledge.

23. This Defendant denies the allegations in paragraph 23 of Plaintiffs' Amended Complaint for want of knowledge.

24. This Defendant denies the allegations in paragraph 24 of Plaintiffs' Amended Complaint for want of knowledge.

25. This Defendant denies the allegations in paragraph 25 of Plaintiffs' Amended Complaint for want of knowledge.

26. This Defendant denies the allegations in paragraph 26 of Plaintiffs' Amended Complaint for want of knowledge.

27. This Defendant denies the allegations in paragraph 27 of Plaintiffs' Amended Complaint for want of knowledge.

28. This Defendant denies the allegations in paragraph 28 of Plaintiffs' Amended Complaint for want of knowledge.

29. This Defendant denies the allegations in paragraph 29 of Plaintiffs' Amended Complaint for want of knowledge.

30. This Defendant denies the allegations in paragraph 30 of Plaintiffs' Amended Complaint for want of knowledge.

31. This Defendant denies the allegations in paragraph 31 of Plaintiffs' Amended Complaint for want of knowledge.

32. This Defendant denies the allegations in paragraph 32 of Plaintiffs' Amended Complaint for want of knowledge.

33. This Defendant denies the allegations in paragraph 33 of Plaintiffs' Amended Complaint and states that while serving as a school resource officer ("SRO") for the FLSD, Defendant McPherson would have been a law enforcement officer of the Springfield Township Police Department and an employee of Springfield Township as set forth in the true and accurate copy of the agreement between Springfield Township and the FLSD for the 2016-2017 school year attached hereto as Exhibit "A" and in the true and accurate copy of the agreement between Springfield Township and the FLSD for the 2017-2018 school year attached hereto as Exhibit "B".

34. This Defendant admits he worked as an SRO for FLSD during the 2016-2017 and 2017-2018 school years, but denies all remaining allegations in paragraph 34 of Plaintiffs' Amended Complaint.

35. This Defendant denies the allegations in paragraph 35 of Plaintiffs' Amended Complaint.

36. This Defendant denies the allegations in paragraph 36 of Plaintiffs' Amended Complaint.

37. This Defendant denies he violated any rights afforded to Plaintiffs under Title IX and further denies any liability to Plaintiffs. This Defendant therefore denies the allegations in paragraph 37 of Plaintiffs' Amended Complaint.

38. This Defendant denies he violated any of Plaintiffs' constitutional rights and further denies any liability to Plaintiffs. This Defendant therefore denies the allegations in paragraph 38 of Plaintiffs' Amended Complaint

39. This Defendant denies he violated any of Plaintiffs' constitutional rights and further denies any liability to Plaintiffs. This Defendant therefore denies the allegations in paragraph 39 of Plaintiffs' Amended Complaint

40. This Defendant denies he violated any of Plaintiffs' constitutional rights and further denies any liability to Plaintiffs. This Defendant therefore denies the allegations in paragraph 40 of Plaintiffs' Amended Complaint

41. This Defendant denies the allegations in paragraph 41 of Plaintiffs' Amended Complaint.

42. This Defendant denies the allegations in paragraph 42 of Plaintiffs' Amended Complaint.

43. This Defendant denies he violated any of Plaintiffs' constitutional rights and further denies any liability to Plaintiffs. This Defendant therefore denies the allegations in paragraph 43 of Plaintiffs' Amended Complaint

44. This Defendant denies the allegations in paragraph 44 of Plaintiffs' Amended Complaint for want of knowledge.

45. This Defendant denies the allegations in paragraph 45 of Plaintiffs' Amended Complaint for want of knowledge.

46. This Defendant denies the allegations in paragraph 46 of Plaintiffs' Amended Complaint for want of knowledge.

47. This Defendant denies the allegations in paragraph 47 of Plaintiffs' Amended Complaint for want of knowledge.

48. This Defendant denies the allegations in paragraph 48 of Plaintiffs' Amended Complaint for want of knowledge.

49. This Defendant denies the allegations in paragraph 49 of Plaintiffs' Amended Complaint for want of knowledge.

50. This Defendant denies the allegations in paragraph 50 of Plaintiffs' Amended Complaint for want of knowledge.

51. This Defendant denies the allegations in paragraph 51 of Plaintiffs' Amended Complaint for want of knowledge.

52. This Defendant denies the allegations in paragraph 52 of Plaintiffs' Amended Complaint for want of knowledge.

53. This Defendant states that Plaintiffs' Amended Complaint does not provide any first or last names with respect to any of the Plaintiffs and only refers to the minor Plaintiff in this action as Jane Doe. Accordingly, this Defendant admits he fielded numerous complaints from female students during his tenure as SRO for the FLSD, but denies all remaining allegations in paragraph 53 of Plaintiffs' Amended Complaint for want of knowledge.

54. This Defendant denies the allegations in paragraph 54 of Plaintiffs' Amended Complaint for want of knowledge.

55. This Defendant denies the allegations in paragraph 55 of Plaintiffs' Amended Complaint for want of knowledge.

56. This Defendant denies the allegations in paragraph 56 of Plaintiffs' Amended Complaint for want of knowledge.

57. This Defendant states that Plaintiffs' Amended Complaint does not provide any first or last names with respect to any of the Plaintiffs and only refers to the minor Plaintiff in this action as Jane Doe. Accordingly, this Defendant admits he interacted with Ms. Rhiana Blaugher during his tenure as SRO for the FLSD, but denies all remaining allegations in paragraph 57 of Plaintiffs' Amended Complaint for want of knowledge.

58. This Defendant denies the allegations in paragraph 58 of Plaintiffs' Amended Complaint for want of knowledge.

59. This Defendant denies the allegations in paragraph 59 of Plaintiffs' Amended Complaint for want of knowledge.

60. This Defendant denies the allegations in paragraph 60 of Plaintiffs' Amended Complaint for want of knowledge.

61. This Defendant denies the allegations in paragraph 61 of Plaintiffs' Amended Complaint for want of knowledge.

62. This Defendant denies the allegations in paragraph 62 of Plaintiffs' Amended Complaint for want of knowledge.

63. This Defendant denies the allegations in paragraph 63 of Plaintiffs' Amended Complaint for want of knowledge.

64. This Defendant denies the allegations in paragraph 64 of Plaintiffs' Amended Complaint for want of knowledge.

65. This Defendant denies the allegations in paragraph 65 of Plaintiffs' Amended Complaint for want of knowledge.

66. This Defendant states that Plaintiffs' Amended Complaint does not provide any first or last names with respect to any of the Plaintiffs and only refers to the minor Plaintiff in this action as Jane Doe.  Accordingly, this Defendant admits he talked to parents and grandparents regarding complaints made by female students during his tenure as SRO for the FLSD, but denies all remaining allegations in paragraph 66 of Plaintiffs' Amended Complaint.

67. This Defendant states that Plaintiffs' Amended Complaint does not provide any first or last names with respect to any of the Plaintiffs and only refers to the minor Plaintiff in this action as Jane Doe.  This Defendant admits he was not responsible for disciplining students during his tenure as SRO for the FLSD, but denies all remaining allegations in paragraph 67 of Plaintiffs' Amended Complaint for want of knowledge.

68. This Defendant denies the allegations in paragraph 68 of Plaintiffs' Amended Complaint for want of knowledge.

69. This Defendant denies the allegations in paragraph 69 of Plaintiffs' Amended Complaint for want of knowledge.

70. This Defendant denies the allegations in paragraph 70 of Plaintiffs' Amended Complaint for want of knowledge.

71. This Defendant denies the allegations in paragraph 71 of Plaintiffs' Amended Complaint for want of knowledge.

72. This Defendant denies the allegations in paragraph 72 of Plaintiffs' Amended Complaint for want of knowledge.

73. This Defendant states that Plaintiffs' Amended Complaint does not provide any first or last names with respect to any of the Plaintiffs and only refers to the minor Plaintiff in this action as Jane Doe. Accordingly, this Defendant denies all remaining allegations in paragraph 73 of Plaintiffs' Amended Complaint for want of knowledge.

74. This Defendant denies the allegations in paragraph 74 of Plaintiffs' Amended Complaint for want of knowledge.

75. This Defendant denies the allegations in paragraph 75 of Plaintiffs' Amended Complaint for want of knowledge.

76. This Defendant denies the allegations in paragraph 76 of Plaintiffs' Amended Complaint for want of knowledge.

77. This Defendant denies the allegations in paragraph 77 of Plaintiffs' Amended Complaint for want of knowledge.

78. This Defendant denies the allegations in paragraph 78 of Plaintiffs' Amended Complaint for want of knowledge.

79. This Defendant denies the allegations in paragraph 79 of Plaintiffs' Amended Complaint for want of knowledge.

80. This Defendant denies the allegations in paragraph 80 of Plaintiffs' Amended Complaint for want of knowledge.

81. This Defendant denies the allegations in paragraph 81 of Plaintiffs' Amended Complaint for want of knowledge.

82. This Defendant denies the allegations in paragraph 82 of Plaintiffs' Amended Complaint for want of knowledge.

83. This Defendant denies the allegations in paragraph 83 of Plaintiffs' Amended Complaint for want of knowledge.

84. This Defendant denies the allegations in paragraph 84 of Plaintiffs' Amended Complaint for want of knowledge.

85. This Defendant denies the allegations in paragraph 85 of Plaintiffs' Amended Complaint for want of knowledge.

86. This Defendant denies the allegations in paragraph 86 of Plaintiffs' Amended Complaint for want of knowledge.

87. This Defendant denies the allegations in paragraph 87 of Plaintiffs' Amended Complaint for want of knowledge.

88. This Defendant denies the allegations in paragraph 88 of Plaintiffs' Amended Complaint for want of knowledge.

89. This Defendant denies the allegations in paragraph 89 of Plaintiffs' Amended Complaint for want of knowledge.

90. This Defendant denies the allegations in paragraph 90 of Plaintiffs' Amended Complaint for want of knowledge.

91. This Defendant denies the allegations in paragraph 91 of Plaintiffs' Amended Complaint for want of knowledge.

92. This Defendant denies the allegations in paragraph 92 of Plaintiffs' Amended Complaint for want of knowledge.

93. This Defendant denies the allegations in paragraph 93 of Plaintiffs' Amended Complaint for want of knowledge.

94. This Defendant denies the allegations in paragraph 94 of Plaintiffs' Amended Complaint for want of knowledge.

95. This Defendant denies the allegations in paragraph 95 of Plaintiffs' Amended Complaint for want of knowledge.

96. This Defendant denies the allegations in paragraph 96 of Plaintiffs' Amended Complaint for want of knowledge.

97. This Defendant denies the allegations in paragraph 97 of Plaintiffs' Amended Complaint for want of knowledge.

98. This Defendant denies the allegations in paragraph 98 of Plaintiffs' Amended Complaint for want of knowledge.

99. This Defendant denies the allegations in paragraph 99 of Plaintiffs' Amended Complaint for want of knowledge.

100.    This Defendant denies the allegations in paragraph 100 of Plaintiffs' Amended Complaint for want of knowledge.

101.    This Defendant denies the allegations in paragraph 101 of Plaintiffs' Amended Complaint for want of knowledge.

102.    This Defendant denies the allegations in paragraph 102 of Plaintiffs' Amended Complaint for want of knowledge.

103.     This Defendant denies the allegations in paragraph 103 of Plaintiffs' Amended Complaint for want of knowledge.

104.     This Defendant denies the allegations in paragraph 104 of Plaintiffs' Amended Complaint for want of knowledge.

105.     This Defendant denies the allegations in paragraph 105 of Plaintiffs' Amended Complaint for want of knowledge.

106.     This Defendant denies the allegations in paragraph 106 of Plaintiffs' Amended Complaint for want of knowledge.

107.     This Defendant denies the allegations in paragraph 107 of Plaintiffs' Amended Complaint for want of knowledge.

108.     This Defendant denies the allegations in paragraph 108 of Plaintiffs' Amended Complaint for want of knowledge.

109.     This Defendant denies the allegations in paragraph 109 of Plaintiffs' Amended Complaint for want of knowledge.

110.     This Defendant denies the allegations in paragraph 110 of Plaintiffs' Amended Complaint for want of knowledge.

111.     This Defendant denies the allegations in paragraph 111 of Plaintiffs' Amended Complaint for want of knowledge.

112.     This Defendant denies the allegations in paragraph 112 of Plaintiffs' Amended Complaint for want of knowledge.

113.     This Defendant denies the allegations in paragraph 113 of Plaintiffs' Amended Complaint for want of knowledge.

## ANSWER TO COUNT I

113(a).     To the extent Plaintiffs assert any allegations against this Defendant in an unnumbered paragraph, this Defendant incorporates herein by reference his responses to paragraphs 1 through 113 of Plaintiffs' Amended Complaint as if fully rewritten.

114.     This Defendant denies the allegations in paragraph 114 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

115.     This Defendant denies the allegations in paragraph 115 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

116.     This Defendant denies the allegations in paragraph 116 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

117.     This Defendant denies the allegations in paragraph 117 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

## ANSWER TO COUNT II

117(a).     To the extent Plaintiffs assert any allegations against this Defendant in an unnumbered paragraph, this Defendant incorporates herein by reference his responses to paragraphs 1 through 117 of Plaintiffs' Amended Complaint as if fully rewritten.

118.     This Defendant denies the allegations in paragraph 118 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

119.     This Defendant denies the allegations in paragraph 119 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

120.     This Defendant denies the allegations in paragraph 120 of Plaintiffs' Amended Complaint for want of knowledge.

121.    This Defendant denies the allegations in paragraph 121 of Plaintiffs' Amended Complaint for want of knowledge.

122.    This Defendant denies the allegations in paragraph 122 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

123.    This Defendant denies the allegations in paragraph 123 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

124.    This Defendant denies the allegations in paragraph 124 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

125.    This Defendant denies the allegations in paragraph 125 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

126.    This Defendant denies the allegations in paragraph 126 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

127.    This Defendant denies the allegations in paragraph 127 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

<u>**ANSWER TO COUNT III**</u>

127(a).    To the extent Plaintiffs assert any allegations against this Defendant in an unnumbered paragraph, this Defendant incorporates herein by reference his responses to paragraphs 1 through 127 of Plaintiffs' Amended Complaint as if fully rewritten.

128.    This Defendant states paragraph 128 of Plaintiffs' Amended Complaint is an incomplete statement of law. This Defendant further denies the allegations in paragraph 128 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

129.     This Defendant denies the allegations in paragraph 129 of Plaintiffs' Amended Complaint for want of knowledge.

130.     This Defendant denies the allegations in paragraph 130 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

131.     This Defendant denies the allegations in paragraph 131 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

132.     This Defendant denies the allegations in paragraph 132 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

## ANSWER TO COUNT IV

132(a).     To the extent Plaintiffs assert any allegations against this Defendant in an unnumbered paragraph, this Defendant incorporates herein by reference his responses to paragraphs 1 through 132 of Plaintiffs' Amended Complaint as if fully rewritten.

133.     This Defendant denies the allegations in paragraph 133 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

134.     This Defendant denies the allegations in paragraph 134 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

135.     This Defendant denies the allegations in paragraph 135 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

136.     This Defendant denies the allegations in paragraph 136 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

## ANSWER TO COUNT V

136(a).     To the extent Plaintiffs assert any allegations against this Defendant in an unnumbered paragraph, this Defendant incorporates herein by reference his responses to paragraphs 1 through 136 of Plaintiffs' Amended Complaint as if fully rewritten.

137.     This Defendant denies the allegations in paragraph 137 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

138.     This Defendant denies the allegations in paragraph 138 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

139.     This Defendant denies the allegations in paragraph 139 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

140.     This Defendant denies the allegations in paragraph 140 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

141.     This Defendant denies the allegations in paragraph 141 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

## ANSWER TO COUNT VI

141(a).     To the extent Plaintiffs assert any allegations against this Defendant in an unnumbered paragraph, this Defendant incorporates herein by reference his responses to paragraphs 1 through 141 of Plaintiffs' Amended Complaint as if fully rewritten.

142.     This Defendant denies the allegations in paragraph 142 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

143.     This Defendant denies the allegations in paragraph 143 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

144.    This Defendant denies the allegations in paragraph 144 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

145.    This Defendant denies the allegations in paragraph 145 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

146.    This Defendant denies the allegations in paragraph 146 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

147.    This Defendant denies the allegations in paragraph 147 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

148.    This Defendant denies the allegations in paragraph 148 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

## ANSWER TO COUNT VII

148(a).    To the extent Plaintiffs assert any allegations against this Defendant in an unnumbered paragraph, this Defendant incorporates herein by reference his responses to paragraphs 1 through 148 of Plaintiffs' Amended Complaint as if fully rewritten.

149.    This Defendant denies the allegations in paragraph 149 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

150.    This Defendant denies the allegations in paragraph 150 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

151.    This Defendant denies the allegations in paragraph 151 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

152.    This Defendant denies the allegations in paragraph 152 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

153.     This Defendant denies the allegations in paragraph 153 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

154.     This Defendant denies the allegations in paragraph 154 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

155.     This Defendant denies the allegations in paragraph 155 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

## ANSWER TO COUNT VIII

155(a).     To the extent Plaintiffs assert any allegations against this Defendant in an unnumbered paragraph, this Defendant incorporates herein by reference his responses to paragraphs 1 through 155 of Plaintiffs' Amended Complaint as if fully rewritten.

156.     This Defendant states paragraph 156 of Plaintiffs' Amended Complaint is an incomplete statement of law. This Defendant further denies the allegations in paragraph 156 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

157.     This Defendant denies the allegations in paragraph 157 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

158.     This Defendant denies the allegations in paragraph 158 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

159.     This Defendant denies the allegations in paragraph 159 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

160.     This Defendant denies the allegations in paragraph 160 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

## **ANSWER TO COUNT IX**

160(a).    To the extent Plaintiffs assert any allegations against this Defendant in an unnumbered paragraph, this Defendant incorporates herein by reference his responses to paragraphs 1 through 160 of Plaintiffs' Amended Complaint as if fully rewritten.

161.    This Defendant denies the allegations in paragraph 161 of Plaintiffs' Amended Complaint.

162.    This Defendant denies the allegations in paragraph 162 of Plaintiffs' Amended Complaint.

163.    This Defendant denies the allegations in paragraph 163 of Plaintiffs' Amended Complaint.

164.    This Defendant denies the allegations in paragraph 164 of Plaintiffs' Amended Complaint.

## **ANSWER TO COUNT X**

164 (a).    To the extent Plaintiffs assert any allegations against this Defendant in an unnumbered paragraph, this Defendant incorporates herein by reference his responses to paragraphs 1 through 164 of Plaintiffs' Amended Complaint as if fully rewritten.

165.    This Defendant denies the allegations in paragraph 165 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

166.    This Defendant denies the allegations in paragraph 166 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

167.    This Defendant denies the allegations in paragraph 167 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

168.     This Defendant denies the allegations in paragraph 168 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

169.     This Defendant denies the allegations in paragraph 169 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

170.     This Defendant denies the allegations in paragraph 170 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

171.     This Defendant denies the allegations in paragraph 171 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

172.     This Defendant denies the allegations in paragraph 172 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

173.     This Defendant denies the allegations in paragraph 173 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

174.     This Defendant denies the allegations in paragraph 174 of Plaintiffs' Amended Complaint to the extent any are asserted against him.

175.     Further answering, this Defendant denies each and every allegation in Plaintiffs' Amended Complaint save such as are herein specifically admitted to be true.

## **SECOND DEFENSE**

176.     For his second and further defense herein, this Defendant states that Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

177.    For his third and further defense herein, this Defendant incorporates his responses as above set forth and further states Plaintiffs lack standing to assert all or some of the claims set forth in Plaintiffs' Amended Complaint.

## FOURTH DEFENSE

178.    For his fourth and further defense herein, this Defendant incorporates his responses as above set forth and further states that all or part of Plaintiffs' claims are barred by the applicable statute of limitations.

## FIFTH DEFENSE

179.    For his fifth and further defense herein, this Defendant incorporates his responses as above set forth and further states he is entitled to immunity pursuant to Ohio Revised Code Chapter 2744, et seq., with respect to all of Plaintiffs' claims.

## SIXTH DEFENSE

180.    For his sixth and further defense herein, this Defendant incorporates his responses as above set forth and further states Plaintiffs' claims are subject to the immunities, defenses and limitations on damages set forth in Chapter 2744 of the Ohio Revised Code.

## SEVENTH DEFENSE

181.    For his seventh and further defense herein, this Defendant incorporates his responses as above set forth and further states Plaintiffs have failed to mitigate their damages.

## EIGHTH DEFENSE

182.    For his eighth and further defense herein, this Defendant incorporates his responses as above set forth and further states that at all times pertinent he acted reasonably, in good faith, in accordance with the law, and in the exercise of his statutory duties and responsibilities.

## NINTH DEFENSE

183.    For his ninth and further defense herein, this Defendant incorporates his responses as above set forth and further states he is entitled to absolute or qualified immunity.

## TENTH DEFENSE

184.    For his tenth and further defense herein, this Defendant gives notice that he intends to assert and rely upon all affirmative defenses, immunities, avoidances, counter-claims, cross claims and third party claims which become available or apparent during the course of discovery or trial, and he hereby reserves the right to assert such defenses and/or amend this Answer to Plaintiffs' Amended Complaint.

## ELEVENTH DEFENSE

185.    For his eleventh and further defense herein, this Defendant incorporates his responses as above set forth and further states Plaintiffs' claims are barred by virtue of the doctrines of res judicata, collateral estoppel, claim preclusion and/or issue preclusion.

## TWELFTH DEFENSE

186.    For his twelfth and further defense herein, this Defendant incorporates his responses as above set forth and further states that if Plaintiffs suffered damages as alleged in Plaintiffs' Amended Complaint, which is specifically denied, Plaintiffs proximately

caused and/or contributed to said damages by their own negligence or intentional acts, and/or voluntarily assumed the risk of said damages, thereby barring Plaintiffs from any recovery against this Defendant or diminishing any recovery by Plaintiffs against this Defendant.

**WHEREFORE**, having fully answered, Defendant, Frank McPherson, prays that Plaintiffs' Amended Complaint be dismissed at Plaintiffs' costs and that they take nothing thereby.

Respectfully submitted,

Scott A. Sollmann (0081467)
Lawrence E. Barbiere (0027106)
Katherine L. Barbiere (0089501)
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
5300 Socialville-Foster Road
Mason, Ohio 45040
T. 513-583-4200 | F. 513-583-4203
ssollmann@smbplaw.com
lbarbiere@smbplaw.com
kbarbiere@smbplaw.com
*Attorneys for Defendant Frank McPherson*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was filed this 5th day of March, 2020 using the Court's CM/ECF electronic filing system which will send notice of such filing to all attorneys of record.

Scott A. Sollmann

23

# AGREEMENT

*12TH DAY OF MAY, 2016*

This agreement made this ~~18th day of April, 2016,~~ by and between the Board of Trustees of Springfield Township, Hamilton County, Ohio hereinafter referred to as "the Township" and the Board OF Education of Finneytown Local School District, Hamilton County, Ohio, hereinafter referred to as "The Board."

**WHEREAS,** the Board has need for the services of a certified law enforcement officer to act as a resource for law enforcement duties at Finneytown Local School District, and,

**WHEREAS,** The Township employs qualified and certified law enforcement personnel who are available to perform said duties.

**NOW, THEREFORE, BE IT AGREED,** by and between the parties hereto as follows:

1.  The Springfield Township Police Department shall assign a law enforcement officer ("Resource Officer") to the Board for a total of One Thousand Two Hundred (~~1,200~~) *1,400 T.O.* hours during the 2016-2017 school year.

2.  Said Resource Officer shall be assigned to the Finneytown Local School District for eight (8) hours per day for each day school is in session with students during the 2016-2017 school year except as otherwise provided in Paragraphs 5 and 6 of this Agreement.

3.  Said Resource Officer shall be assigned to the Finneytown Local School District on a day-to-day basis, said assignment to be made by the Superintendent of the Board with the approval of the Springfield Township Chief of Police.

4.  Said Resource Officer shall be assigned and perform only those duties and responsibilities which are approved in advance by the Springfield Township Chief of Police and which are in accordance with state and federal laws, township and police department policies.

5.  Said Resource Officer shall be entitled to vacation, sick, personal, and other leave as established by his/her employment contract with the Springfield Township Police Department. In the event that said Resource Officer takes advantage of such leaves and is absent from his/her duties with the Finneytown Local School District, said Resource Officer may be assigned by the Springfield Township Chief of Police to the Finneytown Local School District for periods greater than the eight (8) hours per day designated in Paragraph 2 of this Agreement until such time as the time taken on leave is offset. In the event of a prolonged absence of said Resource Officer, the Springfield Township Chief of Police may, at his/her sole discretion, assign another officer to assume the Resource Officer's duties during the period of his/her absence.

**EXHIBIT A**

Page 2
Finneytown Local School District
2016-2017 Agreement

6.    At the sole discretion of the Springfield Township Chief of Police, said Resource Officer may be temporarily reassigned to other police duties in cases of emergency or great need.

7.    The Board shall pay to the Township for the services of said Resource Officer the sum of Fifty-Two Thousand and Zero Cents ($52,000.00), said sum to be paid in four (4) equal installments on September 1 and December 1, 2016 and March 1 and June 1, 2017.

8.    In the event that township is unable to provide a Resource Officer to the Board for the full twelve-hundred (1,200) hours designated in Paragraph 1, the final payment due on June 1, 2017 will be adjusted so as to reflect payment for the hours of service actually provided. In the case of early termination of this Agreement pursuant to Paragraph 10 thereof, the appropriate reimbursement to the Board or payment to the Township will be made.

9.    The Township shall indemnify and hold the Board harmless from any claims or damages arising out of Resource Officer's alleged negligence in the performance of his/her duties.

10.    Either party may terminate this Agreement by giving the other party thirty (30) days written notice of its intention to terminate said Agreement.

BOARD OF TRUSTEES OF SPRINGFIELD
TOWNSHIP, HAMILTON COUNTY, OHIO

_____
Township Administrator

_____
Fiscal Officer

BOARD OF EDUCATION OF FINNEYTOWN
LOCAL SCHOOL DISTRICT

_____
President

_____
Treasurer

# AGREEMENT

This agreement made this 24th day of JULY_____, 2017, by and between the Board of Trustees of Springfield Township, Hamilton County, Ohio hereinafter referred to as "the Township" and the Board Of Education of Finneytown Local School District, Hamilton County, Ohio, hereinafter referred to as "The Board."

   **WHEREAS,** the Board has need for the services of a certified law enforcement officer to act as a resource for law enforcement duties at Finneytown Local School District, and,

   **WHEREAS,** The Township employs qualified and certified law enforcement personnel who are available to perform said duties.

   **NOW, THEREFORE, BE IT AGREED,** by and between the parties hereto as follows:

1.   The Springfield Township Police Department shall assign a law enforcement officer ("Resource Officer") to the Board for a total of One Thousand Four Hundred (1,400) hours during the 2017-2018 school year.

2.   Said Resource Officer shall be assigned to the Finneytown Local School District for eight (8) hours per day for each day school is in session with students during the 2017-2018 school year except as otherwise provided in Paragraphs 5 and 6 of this Agreement.

3.   Said Resource Officer shall be assigned to the Finneytown Local School District on a day-to-day basis, said assignment to be made by the Superintendent of the Board with the approval of the Springfield Township Chief of Police.

4.   Said Resource Officer shall be assigned and perform only those duties and responsibilities which are approved in advance by the Springfield Township Chief of Police and which are in accordance with state and federal laws, township and police department policies.

5.   Said Resource Officer shall be entitled to vacation, sick, personal, and other leave as established by his/her employment contract with the Springfield Township Police Department. In the event that said Resource Officer takes advantage of such leaves and is absent from his/her duties with the Finneytown Local School District, said Resource Officer may be assigned by the Springfield Township Chief of Police to the Finneytown Local School District for periods greater than the eight (8) hours per day designated in Paragraph 2 of this Agreement until such time as the time taken on leave is offset. In the event of a prolonged absence of said Resource Officer, the Springfield Township Chief of Police may, at his/her sole discretion, assign another officer to assume the Resource Officer's duties during the period of his/her absence.

**EXHIBIT**

**B**

Page 2
Finneytown Local School District
2017-2018 Agreement

6.     At the sole discretion of the Springfield Township Chief of Police, said Resource Officer may be temporarily reassigned to other police duties in cases of emergency or great need.

7.     The Board shall pay to the Township for the services of said Resource Officer the sum of Fifty-Two Thousand and Zero Cents ($52,000.00), said sum to be paid in four (4) equal installments on September 1 and December 1, 2017 and March 1 and June 1, 2018.

8.     In the event that township is unable to provide a Resource Officer to the Board for the full fourteen-hundred (1,400) hours designated in Paragraph 1, the final payment due on June 1, 2018 will be adjusted so as to reflect payment for the hours of service actually provided. In the case of early termination of this Agreement pursuant to Paragraph 10 thereof, the appropriate reimbursement to the Board or payment to the Township will be made.

9.     The Township shall indemnify and hold the Board harmless from any claims or damages arising out of Resource Officer's alleged negligence in the performance of his/her duties.

10.    Either party may terminate this Agreement by giving the other party thirty (30) days written notice of its intention to terminate said Agreement.

**BOARD OF TRUSTEES OF SPRINGFIELD TOWNSHIP, HAMILTON COUNTY, OHIO**

_____
Township Administrator

_____
Fiscal Officer

**BOARD OF EDUCATION OF FINNEYTOWN LOCAL SCHOOL DISTRICT**

_____
President

_____
Treasurer